MATTHEW A. RICHARDS (SBN 233166)
mrichards@nixonpeabody.com
TAYLOR B. HOOKS (SBN 317188)
thooks@nixonpeabody.com
LOUIS E. DOLAN, JR. (*pro hac vice* pending)
ldolan@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA  94111-3600
Tel:  (415) 984-8200
Fax:  (415) 984-8300

Attorneys for Plaintiff WHCF GALT EILLEND GP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| WHCF GALT EILLEND GP, INC., a Texas corporation,<br><br>                                    Plaintiff,<br><br>          v.<br><br>CENTRAL VALLEY COALITION FOR AFFORDABLE HOUSING, a California not-for-profit public benefit corporation,<br><br>                                    Defendant. | Case No.<br><br>**COMPLAINT FOR<br>(1) REFORMATION OF CONTRACT;<br>AND (2) DECLARATORY RELIEF** |

## PARTIES

1. Plaintiff WHCF GALT EILLEND GP, INC. ("Development General Partner"), a Texas corporation with its headquarters and principal place of business in Texas, is the Development General Partner of that certain California limited partnership known as Galt Eillend Limited, A California Limited Partnership (the "Partnership"), and successor-in-interest to Eillend Development, LP, the original Development General Partner and Initial Limited Partner of the Partnership.

2. Defendant CENTRAL VALLEY COALITION FOR AFFORDABLE HOUSING ("Central Valley"), a California not-for-profit public benefit corporation with its headquarters and

principal place of business in California, is the Non-Profit General Partner and Managing General Partner of the Partnership.

3. The Development General Partner and Central Valley are the sole general partners in the Partnership.

## JURISDICTIONAL ALLEGATIONS

4. The sole Plaintiff, the Development General Partner, is a citizen of Texas.

5. The sole Defendant, Central Valley, is a citizen of California.

6. Plaintiff Development General Partner seeks reformation of the parties' operative Third Amended and Restated Agreement of Limited Partnership to eliminate references therein to a right of first refusal in favor of Central Valley and to a separate Right of First Refusal Agreement that the parties neither agreed to nor executed, and a judicial determination that no such right of first refusal or Right of First Refusal Agreement exists. Plaintiff Development General Partner also seeks a separate declaratory judgment regarding the parties' rights and duties.

7. The amount in controversy in this case is the fair market value of the subject improved real property owned by the Partnership, which is valued in the millions of dollars, subject to proof at trial.

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that this is a civil action between citizens of different states in which complete diversity exists and the matter in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of costs and interest.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1), in that Defendant Central Valley CRDC resides in this district, and pursuant to 28 U.S.C. § 1391(b)(2), in that the improved real property that is the subject of this action is situated in this district.

## FACTUAL ALLEGATIONS

10. On or about January 1, 2001, the partners of the Partnership—including Plaintiff Development General Partner's predecessor-in-interest, Eillend Development, LP, and Defendant Central Valley—entered into a Third Amended and Restated Agreement of Limited Partnership

("Limited Partnership Agreement" or "LPA"), a true and correct copy of which is attached as Exhibit 1.

11. The Development General Partner and Managing General Partner and their successors are collectively referred to in the LPA as the General Partner.

12. Westlake Housing Capital Fund III, L.P., a Delaware limited partnership, is the current Investor Limited Partner in the Partnership and successor-in-interest to the original Investment Partnership and Limited Partner, Midland Corporate Tax Credit IX (CA) Limited Partnership - Series A, a Delaware limited partnership. The Investor Limited Partner's interests are aligned with those of the Development General Partner.

13. Westlake HCF III, Inc., a Texas corporation, is the current Special Limited Partner in the Partnership and successor-in-interest to the original Special Limited Partner, Midland Special Limited Partnership, Inc., a Florida corporation. The Special Limited Partner's interests are aligned with those of the Development General Partner.

14. As described in the LPA, the Partnership was formed for the purpose of acquiring, developing, financing, constructing, owning, maintaining, operating and selling or otherwise disposing of an 80-unit multifamily apartment complex intended for rental to low-income families, for tax credits, tax losses, long-term appreciation, income, and return of capital. The property owned by the Partnership is commonly known as the Hudson Bay Apartments, located in Galt, Sacramento County, California (the "Apartment Complex").

15. The LPA references a separate and distinct legal contract that the parties termed a Right of First Refusal Agreement. Section 8.21 of the LPA states in full:

> Sale of Apartment Complex; Right of First Refusal. After the expiration of the Option Period set forth in Section 8.20 above, and notwithstanding anything contained herein to the contrary, and subject to all Agency regulations then in effect and the receipt of all required approvals and consents of Lender, and subject further to the extended use requirements applicable pursuant to Section 42(h)(6) of the Code, if at any time after the fourteenth (14th) anniversary of the first day of the first taxable year of the applicable Tax Credit Compliance Period the Investment Partnership requests that the Apartment Complex be sold, then the General Partner shall make a

>request to the Agency to obtain a buyer who is willing to operate the low-income units of the Apartment Complex as a qualified low-income building and who will submit a Qualified Contract (as defined in Section 42(h)(6)(F) of the Code) for the Apartment Complex, *provided, however, that the provisions of this Section shall be subject to that certain Right of First Refusal Agreement between the Partnership and the Managing General Partner, dated on or about the date hereof, pursuant to which the Partnership has, subject to the regulations applicable thereto and the other Project Documents, granted to the Managing General Partner a non-assignable right of first refusal to purchase the Apartment Complex on the terms and conditions set forth therein at the Minimum Purchase Price set forth in Section 42(1)(7) [sic]of the Code.* If such Right of First Refusal is not exercised or the Apartment Complex is not sold as provided and within the time specified therein, then the General Partner will continue to use best efforts to find a third party purchaser. In addition, the Investment Partnership shall have the right to locate a purchaser, and the General Partner shall be obligated to consent to such purchaser so long as the purchase price and other terms offered by such purchaser are at least as favorable to the Partnership as the best offer, if any, located by the General Partner. (Emphasis added.)

16. As stated in Section 8.21 of the LPA, the parties expressly agreed that any right of first refusal would be memorialized in this further written agreement, "on the terms and conditions set forth therein," other than the price, which the parties agreed would be established by Section 42(1)(7) [*sic*] of the Internal Revenue Code.

17. Thus, any right of first refusal with respect to the Apartment Complex was expressly contingent upon the parties' further agreement to all material terms and conditions to be set forth in a separate Right of First Refusal Agreement dated contemporaneously with ("on or about the date of") the LPA (i.e., January 2001).

18. However, the parties never reached agreement as to the material terms of the referenced Right of First Refusal Agreement.

19. The parties never executed a Right of First Refusal Agreement.

20. The Right of First Refusal Agreement does not exist, nor does any right of first refusal for the benefit or in favor of Defendant Central Valley exist.

21. Plaintiff Development General Partner is informed and believes that Defendant Central Valley disputes these contentions.

22. Section 8.21 of the parties' LPA also discusses a procedure whereby the Investment Partnership can initiate a process known and recognized in the Low Income Housing Tax Credit industry and under the Internal Revenue Code as a "Qualified Contract" sale. A Qualified Contract sale involves a request to the state housing agency to locate a qualified buyer for a Low Income Housing Tax Credit properties such as the Apartment Complex, subject to all rent and other restrictions.

23. Here, the LPA defines the relevant state housing agency as the California Tax Credit Allocation Committee, the government agency providing the allocation of Tax Credits to the Partnership (the "Agency").

24. A Qualified Contract sale is initiated by submission of a formal application to the Agency, in strict accord with the requirements of Section 42(h)(6) of the Internal Revenue Code and Agency requirements.

25. Initiation of the Qualified Contract process was or may have been a condition precedent to the exercise of any right of first refusal if one existed.

26. The Qualified Contract process was never initiated.

27. The LPA also expressly states that the right of first refusal, if one is deemed to exist, is required to be exercised and the property sold within the time period specified within the separate Right of First Refusal Agreement. Because there is no such Right of First Refusal Agreement here, there is no such time period. Thus, any right of first refusal, if one is deemed to exist, has expired either by its terms or by operation of law.

28. The Defendant Central Valley has expressed to the Development General Partner an interest in exercising its purported right of first refusal, despite the fact that: (1) no agreement regarding the terms and conditions of such a purported right had ever been reached; and (2) the Right of First Refusal Agreement, and therefore a right of first refusal for the benefit or in favor of Central Valley, does not exist.

29. Specifically, Plaintiff Development General Partner initiated discussions with the Defendant Central Valley in or around October 2020 regarding the absence of any right of first refusal in the LPA and the parties' failure to ever execute a Right of First Refusal Agreement pertaining to the LPA or the Apartment Complex. During these discussions, the principal of Defendant Central Valley admitted to Plaintiff Development General Partner the absence of any right of first refusal in the LPA and further admitted that the parties had never executed a Right of First Refusal Agreement pertaining to the LPA or the Apartment Complex.

30. Even if a right of first refusal in favor of Central Valley could be found to exist, however, other express conditions precedent to its exercise set forth in Section 8.21 of the LPA, under law, and otherwise have also not been satisfied.

31. Therefore, Plaintiff Development General Partner brings this action for reformation of contract and declaratory relief.

**FIRST CLAIM**

**(Reformation of Contract)**

32. Plaintiff Development General Partner hereby incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 31 as though fully set forth herein.

33. The LPA is a valid and binding contract between Plaintiff Development General Partner and Defendant Central Valley CRDC, and at all relevant times mentioned herein was in effect.

34. Section 8.21 of the parties' LPA states that terms and conditions of a right of first refusal are to be set forth in a separate agreement between the parties known as the Right of First Refusal Agreement, which was to be executed at the same time as the LPA in January 2001.

35. The parties never negotiated or agreed to all of the material terms and conditions necessary to constitute a Right of First Refusal Agreement.

36. The parties never drafted such a Right of First Refusal Agreement.

37. The parties never executed such a Right of First Refusal Agreement.

38. No such Right of First Refusal Agreement exists. Therefore, no right of first refusal exists for the benefit or in favor of Defendant Central Valley.

39. Plaintiff Development General Partner has suffered prejudice as a result of Defendant Central Valley's assertions that it has and holds a purported right of first refusal to purchase the Apartment Complex.

40. Because the parties never negotiated, drafted, or executed a separate Right of First Refusal Agreement, which was a necessary condition precedent to the exercise of such a right of first refusal, the LPA must be reformed to strike any references in Section 8.21 to the purported right of first refusal or any Right of First Refusal Agreement.

## SECOND CLAIM

### (Declaratory Relief)

41. Plaintiff Development General Partner hereby incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 40 as though fully set forth herein.

42. As alleged herein, an actual controversy has arisen and now exists between the Development General Partner, on the one hand, and Defendant Central Valley, on the other hand, concerning their rights, duties, interests and obligations under the LPA with respect to a purported right of first refusal for the benefit or in favor of Defendant Central Valley.

43. In particular, Defendant Central Valley is not entitled to a right of first refusal because the parties never negotiated, drafted, agreed upon, or executed a separate Right of First Refusal Agreement that included all material terms, contemporaneously with the parties' execution of the LPA in January 2001, which was a necessary condition precedent to the existence and exercise of a right of first refusal under Section 8.21 as the parties had agreed. On information and belief, Defendant Central Valley disputes this contention.

44. Pursuant to California Code of Civil Procedure, sec. 1624, subd. (a)(3), the California Statute of Frauds provides that any agreement for "the sale of real property, or of an interest therein" is invalid unless it is "in writing, subscribed by the party sought to be charged."

Here there is no such writing. Further, because they are a species of an option to purchase, rights of first refusal to purchase real property must satisfy the Statute of Frauds. *See Pacific Southwest Development Corp. v. Western Pac. R. Co.* (1956) 47 Cal.App.2d 62, 66; *See also Woods v. Bradford* (1967) 254 Cal.App.2d 501, 505.

45. Other conditions precedent to the exercise of such a purported right of first refusal have also not been satisfied, as referenced above.

46. The Court must resolve this actual controversy between the parties.

47. As such, Plaintiff Development General Partner hereby seeks a judicial declaration:

   a. That no right of first refusal or Right of First Refusal Agreement to purchase the Apartment Complex exists, and therefore is not available for Defendant Central Valley to exercise pursuant to the parties' LPA or otherwise.

   b. That other conditions precedent to the exercise of any right of first refusal alleged to exist in Section 8.21, the California Statute of Frauds, under law and otherwise have not been satisfied, and therefore no right of first refusal can be triggered or exercised by Defendant Central Valley.

48. A judicial declaration is necessary and appropriate so the parties may ascertain their respective rights, duties, and obligations, and be guided thereby.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

1. For reformation of the LPA to strike any reference to the purported right of first refusal to purchase the Apartment Complex contained in Section 8.21 and any reference to a Right of First Refusal Agreement.

2. For a judicial declaration:

   a. That no right of first refusal or Right of First Refusal Agreement to purchase the Apartment Complex exists, and therefore is not available for Defendant Central Valley to exercise pursuant to the parties' LPA or otherwise.

        b. That other conditions precedent to the exercise of any right of first refusal alleged to exist in Section 8.21, the California Statute of Frauds, under law and otherwise have not been satisfied, and therefore no right of first refusal can be triggered or exercised by Defendant Central Valley.

3. For all attorneys' fees, costs, and expenses incurred by Plaintiff Development General Partner in connection with this action, pursuant to Section 16.09 of the parties' LPA.

4. For any other legal or equitable remedy the Court deems appropriate.

Dated: June 3, 2022                              NIXON PEABODY LLP

                                               By: */s/ Matthew A. Richards*
                                                     MATTHEW A. RICHARDS
                                                     TAYLOR B. HOOKS
                                                     LOUIS E. DOLAN, JR.
                                                     *Attorneys for Plaintiff*
                                                     WHCF GALT EILLEND GP, INC.